UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NOE LEINHEISER**, <br><br> Plaintiff, <br><br> v. <br><br> **LISA DIMATTEO**, *et al.*, <br><br> Defendants. | 17-cv-11642 <br><br> **ORDER** |

**O'HEARN, District Judge.**

 **WHEREAS,** this matter comes before the Court on Plaintiff Noe Leinheiser's Motion for Default Judgment against Defendant Dr. Ahmar Shakir, (ECF No. 120); and

 **WHEREAS,** the plaintiff bears the burden of proving the validity of service of process, *Grand Ent. Grp. Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993) ("[W]e note that the party asserting the validity of service bears the burden of proof on that issue."); and

 **WHEREAS,** an individual defendant may be personally served pursuant to Federal Rule of Civil Procedure 4(e) by "leaving [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," by serving an agent authorized to receive service on behalf of the defendant, or by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"; and

 **WHEREAS,** an individual may be personally served pursuant to New Jersey Rule 4:4-4(a)(1) by "leaving a copy thereof at the individual's dwelling place or usual place of abode with a competent member of the household of the age of 14 or over then residing therein," or by

"delivering a copy thereof to a person authorized by appointment or by law to receive service of process on the individual's behalf"; and

**WHEREAS,** Plaintiff here provided a return of service that shows process was served to an unnamed woman, "Jane Doe," identified as a "co-resident" of Defendant (ECF No. 111); and

**WHEREAS,** this is insufficient to show that the service on Jane Doe constituted proper service of process to Defendant pursuant to Federal Rule of Civil Procedure 4(e)(2)(B), or pursuant to New Jersey Rule 4:4-4(a)(1), *see Granger v. Am. E-Title Corp,.* 2013 WL 1845338 at *12 (D.N.J. April 10, 2013) (holding that the plaintiff had not shown effective service pursuant to Federal Rule of Civil Procedure 4(e)(2)(B) or New Jersey Rule 4:4-4(a)(1) by serving a Jane Doe, alleged to be Defendant's roommate, without providing further details about the alleged service of process); *United States v. John*, No. 18-5045, 2020 WL 4915371, at *3 (E.D.N.Y. Aug. 21, 2020) (finding "the process server's bare assertion that John Doe was a 'co-habitant'" insufficient "[w]ithout an explanation as to how the process server acquired this information"); and therefore

**IT IS** on this   15th   day of June, 2023,

**ORDERED** that Plaintiff's Motion to Enter Default Judgment (ECF No. 120) is **DENIED.** Plaintiff is granted sixty (60) days to effect proper service on Defendant Dr. Ahmar Shakir.

*Christine P. O'Hearn*
**Christine P. O'Hearn**
**United States District Judge**